**In re Petition for DISCIPLINARY ACTION AGAINST Gregory D. EVENSON, an Attorney at Law of the State of Minnesota.**

No. C7–89–2274.

Supreme Court of Minnesota.

March 21, 1990.

### ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Gregory D. Evenson had committed unprofessional conduct warranting public discipline. After the filing of the petition and answer, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived his right to further proceedings under Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer previously filed herein and unconditionally admitted the following allegations by the Director:

1. That respondent has a past history of discipline, including an admonition in December 1984, an admonition in October 1986, a 2 year private probation commencing in January 1986 to which respondent stipulated and which respondent completed, and a two year private probation commencing in May 1989 to which respondent stipulated, all of which stem from respondent's failure to diligently pursue matters entrusted to him.

2. That a client retained respondent to probate an estate; that respondent failed to prepare or file an estate inventory or to investigate or pay at least one claim against the estate; that respondent neglected to investigate and safeguard the contract for deed payments made on vendor's interests in two contracts for deed owned by the estate; and that respondent failed to promptly turn over the estate file to new counsel in June and July 1989 when requested to do so by his client.

3. That another client retained respondent to probate an estate; that respondent did not diligently pursue completion of the estate; that respondent failed to keep the personal representative of the estate reasonably informed about completion of the estate or about the correction of a real estate title problem which developed when the estate attempted to sell some property; and that respondent misled the realtor and prospective buyer of that property with regard to this same title problem.

4. That a client retained respondent to obtain and record a warranty deed; that respondent did not diligently pursue obtaining and recording the warranty deed; and that respondent failed to return phone calls from the client or otherwise keep the client informed of the status of his matter.

5. That respondent misrepresented the status of the estates described in paragraphs 2 and 3 above when he prepared the quarterly inventories describing the status of each of his files for his probation supervisor in 1987, which violated the terms of respondent's probation. In addition, respondent did not cooperate fully with the Director's Office in the investigation of complaints filed against him or in the monitoring of his current probation.

Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 6-month suspension to commence March 1, 1990.

Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent Gregory D. Evenson is hereby suspended for a period of 6 months, commencing on March 1, 1990, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the reinstatement hearing provided for in Rule 18(a) through (d) is waived.

3. That respondent's reinstatement after the suspension is conditioned upon:

(a) Filing of an affidavit with the Clerk of Appellate Courts and the Director's Office, at least 15 days before the expiration of the suspension period, that he is current with continuing legal education, and fully has complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility.

(b) Submission to the Director's Office four names of attorneys who have agreed to monitor his probation.

(c) Participation in evaluation and counseling with a mental health professional to address and correct his tendency to procrastinate.

(d) Successful completion of the professional responsibility portion of the state bar examination within one year of the date of this Court's order.

4. That following reinstatement respondent shall be subject to an indefinite supervised probation. During probation respondent shall:

(a) Continue counseling until such time as he has completed his course of counseling and is discharged by his counselor. Respondent shall provide the Director with such medical authorizations as may be necessary to allow the Director to verify his compliance with this provision.

(b) Practice law only as a Public Defender for Carlton County, as the City Attorney for the City of Moose Lake, Minnesota, and as Title Examiner for Sturgeon Lake State Bank, First National Bank of Moose Lake and Moose Lake Federal Credit Union.

(c) Cooperate with his supervisor's monitoring of his probation and furnish his supervisor with a monthly inventory and status report on all open files by the tenth day of each month.

(d) Answer correspondence from the Director's Office by the date due or within 10 days of the date that the correspondence is sent.

(e) Abide by the Rules of Professional Conduct and cooperate with the Director's Office in investigating any allegations of unprofessional conduct and in the monitoring of his probation. An admission by respondent or a finding of further unprofessional conduct by a referee shall constitute conclusive evidence of a breach of the terms of his probation.

5. That any time after respondent has completed 2 years of probation, respondent may petition the Court for termination of his probation, at which time a hearing will be held before a Lawyers Board Panel and respondent will have the burden to prove he is fit to resume unsupervised practice.

6. That respondent shall pay to the Director within 90 days of the date of this order, the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.